IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>ALFRED VALDIVIESO RODRIGUEZ, et al.,<br><br>**Defendant(s)** | **CRIMINAL NO.** 07-032(JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court are Defendants Alfred Valdivieso Rodríguez, Maileen Lugo Torres, Juan A. Tosado-Polanco, and Norberto J. Seda Olmo's (collectively "Defendants") Motions to Dismiss. (Docket Nos. 202, 204, 206). For the reasons set forth below, the Court **DENIES** the Motions.

**FACTUAL AND PROCEDURAL BACKGROUND**

In this case, a total of seven doctors, were charged in a forty one count Superseding Indictment for having participated in a scheme to distribute drugs and dispense drugs through the internet to individuals with whom they lacked a doctor-patient relationship. The Superseding Indictment charges defendants with violations of Title 21, United States Code, Section 841(a)(1) and 846(a) conspiracy to distribute controlled substances and distribution of controlled substances); Title 18, United States

Criminal No. 07-032                                                        2

Code, Section 1343(wire fraud); Title 18, United States Code, Sections 1956(a)(1)(A)(I) and (h)(money laundering) and two forfeiture counts. One of the Government's main allegations, as stated in Count One of the indictment, is that Defendants violated the Controlled Substance Act ("CSA") by conspiring to distribute and possess with intent to distribute, outside the scope of professional practice and not for a legitimate medical purpose, Schedule III and IV controlled substances. (Docket No. 145).

On July 13, 2007, Defendant Alfred Valdivieso Rodríguez filed a Motion to Dismiss the Superseding Indictment. (Docket No. 202). On July 16, 2007, Defendants Juan A. Tosado-Polanco, Maileen Lugo Torres and Norberto J. Seda Olmo joined the Motion to Dismiss. (Docket No. 204). Defendants argued that Puerto Rico Telemedicine Regulating Act, Law No. 227 of August 11, 1998, 20 L.P.R.A. § 6001 et seq. ("Telemedicine Law") authorized them to practice telemedicine and, therefore, allowed them to prescribe controlled substances to their internet customers. (Docket Nos. 202, 204).

Defendant Maileen Lugo Torres, also submitted a Motion to Dismiss on grounds of prosecutorial misconduct. In said motion, defendant states that as far back as September 2005 she was the subject of an investigation by the Drug Enforcement Agency ("DEA"). In order to conclude said administrative proceeding, Defendant Lugo Torres entered into a Memorandum of Agreement. Defendant alleges that in the DEA's civil investigation she incriminated herself and

tacitly admitted to the allegations of illegal practice of medicine based on the internet prescriptions.

Defendant Lugo Torres contends that the charges brought against her in the Superseding Indictment were the result of a parallel civil and criminal investigation by the DEA. According to Defendant Lugo Torres, the DEA's civil investigation was part of a coordinated effort between that agency and the Department of Justice to deprive her of the constitutional privilege against self-incrimination.(Docket No. 206).

On July 26, 2007, the Government filed its responses (Docket Nos. 217, 221) and on August 23, 2007, Alfred Valdivieso Rodríguez filed his reply to response. (Docket No. 246). All of the Motions to Dismiss were subsequently referred by this Court to Magistrate-Judge Camille L. Velez Rive. (Docket Nos. 203, 219). The Magistrate-Judge recommended that both Motions to Dismiss be denied.

Regarding Defendants' contention that the Telemedicine Law allowed them to prescribe controlled substances to their internet customers, Magistrate-Judge Camille L. Velez-Rive determined in her Report and Recommendation that the Telemedicine Law only authorizes the practice of telemedicine when both the physician and the patient are physically located in the Commonwealth of Puerto Rico. According to the Magistrate-Judge, Defendants acted outside the scope of professional practice and not for a legitimate medical

purpose when they carried out their telemedicine practice in several States other than Puerto Rico without having the proper licenses to do so in those jurisdictions.

Magistrate-Judge Velez-Rive also concluded in her Report and Recommendation that the Government did not engage in any prosecutorial misconduct in the handling of Defendant Lugo Torres's case. Accordingly, the Magistrate-Judge recommended that Defendants' Motion to Dismiss be denied. (Docket No. 250). On October 15, 2007, Defendants Alfred Valdivieso-Rodriguez and Maileen Lugo-Torres objected the Magistrate-Judge's recommendations. (Docket Nos. 258, 259). On October 24, 2007, Defendants Juan Manuel Ramos Gonzalez and Juan A. Tosado Polanco joined the above mentioned objections. (Docket Nos. 265, 266).

## STANDARD OF REVIEW

1) <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate-Judge for a Report and Recommendation. See <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate-Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." <u>United States of America v. Mercado Pagan</u>, 286

F.Supp.2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections, the district court can assume that they have agreed to the magistrate's recommendation. Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)).

**DISCUSSION**

1. <u>Legitimate Medical Purpose under the CSA</u>

Defendants aver in their objections to the Magistrate-Judge's Report and Recommendation that the Superseding Indictment should be dismissed because they acted in conformity with the Telemedicine Law, which allegedly allows physicians to provide prescriptions to persons outside the geographical jurisdiction of the Commonwealth of Puerto Rico. Contrary to Magistrate-Judge Camille L. Velez-Rive's recommendation, Defendants allege that the Telemedicine Law made it unnecessary for them to obtain separate licenses from each of the States where the patients, who consulted them were located. According to Defendants, their conduct does not fall outside the

Criminal No. 07-032                                                    6

scope of professional practice and constitutes a legitimate medical purpose. (Docket No. 258). The Court disagrees with Defendants' contentions.

Title 21, United Section 841(a)(1) makes it "unlawful for any person knowingly or intentionally... to manufacture, distribute, or dispense... a controlled substance." Although medical professionals are generally permitted to dispense controlled substances, they "can be prosecuted under § 841 when their activities fall outside the usual course of professional practice." United States v. Moore, 423 U.S. 122, 124 (1975); United States v. Fuchs, 467 F.3d 889, 899 (5th Cir. 2006). A medical practitioner has unlawfully distributed a controlled substance if she prescribes the substance either outside the usual course of medical practice or without a legitimate medical purpose. United States v. Nelson, 383 F.3d 1227, 1231-1232 (10th Cir. 2004)(citing 21 C.F.R. § 1306.04(a)) and Moore, 423 U.S. at 124("Registered physicians can be prosecuted under § 841 when their activities fall outside the usual course of professional practice.").

In Moore the Supreme Court stated that "physicians who departed from the usual course of medical practice were subject to the same penalties as street pushers" and that Congress had intended the CSA to be more, not less, strict. Moore, 423 U.S. at 139. Thus, a physician is authorized to dispense controlled substances only if he acts with a legitimate medical purpose and in

Criminal No. 07-032                                                7

the usual course of professional practice. Nelson, 383 F.3d at 1233. Conversely, a practitioner would be unauthorized to dispense a controlled substance if he acts without a legitimate medical purpose or outside the usual course of professional practice. Nelson, 383 F.3d at 1233.

The Courts of Appeal have upheld convictions of physicians and pharmacists for distributing controlled substances over the Internet. United States v. Fuchs, 467 F. 3d 889 (5th Cir. 2004); United States v. Nelson, 383 F.3d 1227, 1232 (10th Cir. 2006). In prosecutions under § 841 involving distribution of drugs that have been prescribed by a licensed physician, the Government is required to prove three elements: (1) that the defendant distributed a controlled substances, (2) that he or she acted intentionally and (3) that he or she prescribed the drug without a legitimate medical purpose and outside the course of professional practice. United States v. Feingold, 454 F.3d 1001, 1006 (9th Cir. 2006); United States v. Johnson, 71 F.3d 539, 542 (6th Cir. 1995); United States v. Tran Trong Cuong, 18 F.3d 1132, 1137 (4th Cir. 1994); United States v. Varma, 691 F.2d 460, 462 (10th Cir. 1982).

It is important to recognize that the issue of whether a physician's conduct exceeds the bounds of professional medical practice, rendering him criminally liable under § 841, is one for determination by a jury. Moore, 423 U.S. at 142; United States v. DeBoer, 966 F.2d 1066, 1069 (6th Cir. 1992); United States v.

Criminal No. 07-032                                                    8

Rosenberg, 515 F.2d 190, 199 (9th Cir. 1975); United States v. Hernandez, 2007 U.S. Dist. LEXIS 74373 (D. Fla. 2007). As such, this is an element of the offense which the Government must prove to the jury, and is not properly the subject of a motion to dismiss. Id.

In essence, Defendants' objections are brought forth to achieve the dismissal of this case based on the theory that they acted with a legitimate medical purpose and in the usual course of professional practice. Defendants' arguments ignore the fact that the indictment in this case is not premised upon any statute or rule of law that specifically precludes the sale of prescription drugs over the Internet. It is, instead, premised upon a theory that the drugs were prescribed and distributed outside the bounds of professional medical practice. This is an element of the offense, which the Government must prove to the jury, and, therefore, is not properly the subject of a motion to dismiss. Consequently, Defendants' Motion to Dismiss must be denied.

2. Defendant Lugo Torres's Fifth Amendment Claim

In Defendant Lugo Torres's objection to the Report and Recommendation, she avers that the DEA's civil investigation and the incriminating statements that resulted from it were all in violation of the Self Incrimination Clause of the Fifth Amendment. Furthermore, Defendant disagrees with the Magistrate-Judge's conclusion that this case was conducted separately from the

Criminal No. 07-032                                                      9

administrative proceedings. (Docket No. 259). This Court disagrees.

The Fifth Amendment privilege allows one not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings. Chavez v. Martinez, 538 U.S. 760, 770 (2003)(citing Lefkowitz v. Turley, 414 U.S. 70, 77 (1973)). The Supreme Court has created rules designed to safeguard the core constitutional right protected by the Self-Incrimination Clause. Id. Among these rules is an evidentiary privilege that protects witnesses from being forced to give incriminating testimony, even in noncriminal cases, unless that testimony has been immunized from use and derivative use in a future criminal proceeding before it is compelled. Kastigar v. United States, 406 U.S. 441, 451 (1972).

Testimony obtained in civil suits, or before administrative or legislative committees, could [absent a grant of immunity] prove so incriminating that a person compelled to give such testimony might readily be convicted on the basis of those disclosures in a subsequent criminal proceeding. Michigan v. Tucker, 417 U.S. 433, 439 (1974). The Supreme Court has held that the failure to assert the privilege while giving testimony in civil suits, or before administrative or legislative committees will forfeit the right to exclude the evidence in a subsequent "criminal case." Chavez, 538 U.S. at 771; Garner v. United States, 424 U.S. 648, 650(1976)

Criminal No. 07-032                                              10

(failure to claim privilege against self-incrimination before disclosing incriminating information on tax returns forfeited the right to exclude that information in a criminal prosecution); United States v. Kordel, 397 U.S. 1, 7(1970) (criminal defendant forfeited his right to assert Fifth Amendment privilege with regard to answers he gave to interrogatories in a prior civil proceeding). If the privilege could not be asserted in such situations, testimony given in those judicial proceedings would be deemed "voluntary." Chavez, 538 U.S. at 771; Rogers v. United States, 340 U.S. 367, 371 (1951). Consequently, a party's failure at any time to assert the constitutional privilege against self-incrimination leaves him in no position to complain later that he was compelled to give testimony against himself. United States v. Kordel, 397 U.S. 1, 9 (1970).

Defendant Lugo Torres failed to assert her constitutional privilege against self incrimination in the civil investigation conducted by the DEA. The Defendant did not claim said privilege when she offered her testimony to the DEA agents and when she voluntarily agreed to the Memorandum of Agreement. As such, the testimony given in the DEA civil proceeding is deemed voluntary.

In addition, after conducting a perusal of the record, this Court supports the Magistrate-Judges's conclusion that the civil investigation and the criminal investigation in this case were conducted separately. Thus, this Court holds that the DEA's civil

Criminal No. 07-032                                                                11

investigation was not part of a coordinated effort between said agency and the Department of Justice to deprive her of the constitutional privilege against self-incrimination. Consequently, Defendant Lugos Torres's Motion to Dismiss must be denied.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate-Judge's Report and Recommendation, (Docket No. 250), and modifies the basis for denying Defendants' Motions to Dismiss. (Docket Nos. 202, 204). Accordingly, the Court **DENIES** Defendants' Motions to Dismiss. (Docket Nos. 202, 204, 206).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of October, 2007.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge